UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOSE ADOLFO GALDAMEZ MARTINEZ,**

    *Plaintiff*,

v.

**KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; MIGUEL VERGARA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, SAN ANTONIO FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; AND ROSE THOMPSON, WARDEN OF KARNES COUNTY IMMIGRATION PROCESSING CENTER;**

    *Defendants*.

Case No. 5:25-CV-01373-JKP

### ORDER

Before the Court is Petitioner Jose Adolfo Galdamez Martinez's Motion for Temporary Restraining Order or Preliminary Injunction. *ECF No. 4*. Respondents filed a Response, to which Petitioner filed a Reply. *ECF Nos. 9, 10*. Briefing for the Petition for Writ of Habeas Corpus, seeking the same relief, has not been completed. In light of this procedural posture, and to increase efficiency, the parties will be ordered to confer and file a joint advisory.

Petitioner's statutory challenge to his ongoing detention turns on whether 8 U.S.C. § 1225(b)(2) or § 1226(a) ("the interpretation issue") applies in his case. *See, generally, ECF Nos. 1, 4*. As the parties are undoubtedly aware, this is no longer a matter of first impression. *See, e.g., Lopez-Arevelo v. Ripa*, No. 3:25-CV-00337, 2025 WL 2691828, at *7 (W.D. Tex. Sept. 22, 2025) (collecting cases).

Upon review by the Court, the parties' arguments set forth in Petitioner's Motion for Temporary Restraining Order or Preliminary Injunction, (*ECF No. 4*), Respondents' Response, (*ECF No. 9*), and Petitioner's Reply, (*ECF No. 10*), appear to address the interpretation issue fully. As such, setting a timeline to file a response and reply to the Petition for Writ of Habeas Corpus would appear to result in duplicative arguments and waste of judicial resources.

Accordingly, to expedite this matter, the Court **ORDERS** the parties to confer and file a joint advisory **no later than Monday, November 24, 2025, at 12:00 p.m.**. In conferring, the parties shall discuss procedurally how this case will proceed. Specifically, in the joint advisory, Respondents and Petitioner shall advise whether they are willing to rest on their arguments set forth in Respondents' Response, (*ECF No. 9*), and Petitioner's Reply, (*ECF No. 10*), on the interpretation issue. If so, the Court will proceed with ruling on the Petition for Writ of Habeas Corpus based on their arguments set forth in Respondents' Response, (*ECF No. 9*), and Petitioner's Reply, (*ECF No. 10*), on the interpretation issue. If not, the parties shall submit a proposed timeline to file a response and reply to the Petition for Writ of Habeas Corpus.

It is so ORDERED.
SIGNED this 20th day of November, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE